**NOT FOR PUBLICATION**




# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re<br><br>Keenan Cary Pickett & Wanda Kimie Pickett,<br><br>　　　　　　Debtor.<br>_____<br>Keenan Cary Pickett & Wanda Kimie Pickett,<br><br>　　　　　　Plaintiffs,<br>Washington Mutual Bank,<br><br>　　　　　　Defendant. | Case No. SV 06-11080 MT<br><br>Chapter 13<br><br>Adv. No. SV 06-01286 MT<br><br>**MEMORANDUM OF DECISION**<br><br>Date:　February 1, 2006<br>Time:　2:00 p.m.<br>Place:　Courtroom 302 |

*Background*

　　　　Plaintiffs filed a Complaint for Declaratory Judgment and Damages Pursuant to 11 U.S.C. § 105(a) and FRBP 7001(1), (7) and (9) ("Complaint") against Washington Mutual Bank ("WaMu") on October 30, 2006, alleging that certain language in Exhibit A to the Proof of Claim ("POC") filed by WaMu in Plaintiffs' Chapter 13 bankruptcy case is an attempt to arbitrarily add legal fees and expenses onto Plaintiffs' mortgage loans

when and if Defendant deems appropriate and convenient, without any prior notice to Plaintiffs, the Chapter 13 Trustee or the Court, and without prior approval by this Court. Plaintiffs allege that WaMu's attempt to charge fees and expenses is fraudulent, deceitful and an abuse of the bankruptcy process, and, therefore, unlawful, illegal and otherwise void. Plaintiffs further allege that WaMu's actions violate the automatic stay and are inconsistent with the Chapter 13 plan, local rules, administrative orders, published opinions, and, in particular, the fee application procedures of FRBP 2016. Finally, Plaintiffs allege that WaMu has acted in a conspiracy with other law firms to create and implement an illegal scheme "to avoid the published Rules, Orders and Decisions of this Court," and that "this conspiracy has been executed by filing the Proofs of Claims by way of mail fraud." Complaint, ¶ 26.

Plaintiff's Complaint is based on the following language in the POC:

> Please be advised that reasonable fees and costs for the review of the bankruptcy pleadings, review of client information, preparation and filing of the Proof of Claim will be charged to the lender/servicer for post-petition services rendered subsequent to the filing of this bankruptcy matter. Further, note that future fees and costs for bankruptcy related services are expected to accrue throughout the life of this bankruptcy case, and will be charged to the lender/servicer. If such fees and costs or charges are not paid through the bankruptcy, the lender reserves the right, at the lender's discretion, to seek future reimbursement for the fees, costs, and charges related to services rendered and expenses incurred pursuant to the terms provided for in the underlying security instrument, the bankruptcy code and other applicable law.

Plaintiffs request that this Court issue "declaratory judgment" by "declaring that the disclaimer and reservation of rights language be stricken," Complaint, ¶ 29, and by "enjoining the Defendants from using any such language in the future." Id., ¶ 31. Plaintiffs request that relief be applied to the proof of claim in this case and in "all similar Proof of Claims filed in any case in the Central District of California." Plaintiffs further request an accounting, attorney fees, costs and punitive damages.

Although it was not pled in the Complaint, at oral argument Plaintiffs additionally requested that the Court find that the reservation of rights language in the POC not estop them from later challenging any fees charged by WaMu as unreasonable.

Defendant WaMu moves to dismiss the Complaint because (1) the language Plaintiffs rely on is merely a "reservation of rights," (2) there is no case or controversy regarding the language in question because whatever issue Plaintiffs may have is not ripe, and (3) the claims for fraud and conspiracy were not pled with specificity.

*Discussion*

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in the complaint. FRCP 12(b)(6) (incorporated by FRBP 7012). A court may not dismiss a complaint for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). A dismissal pursuant to FRCP 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988).

In deciding a motion to dismiss pursuant to FRCP 12(b)(6), the court's review is limited to the contents of the complaint. *Campanelli v. Bockrath*, 100 F.3d 1476, 1479 (9th Cir. 1996); *Allarcom Pay Television, Ltd. v. General Instrument Corp.*, 69 F.3d 381, 385 (9th Cir. 1995). The court must accept all factual allegations pleaded in the complaint as true, and must construe them and draw all reasonable inferences from them in favor of the nonmoving party. *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). However, it need not accept as true unreasonable inferences or

conclusory legal allegations cast in the form of factual allegations. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

According to 11 U.S.C. § 506(b), an oversecured creditor is allowed interest, reasonable fees, costs or charges provided under the agreement or state statute under which the claim arose. Here, the reservation of rights language in the proof of claim does not contradict § 506(b). As WaMu is an oversecured creditor of the Debtors, WaMu would be entitled to interest, reasonable fees, costs or charges as allowed in its contract with the Debtors or applicable state statute. Thus, the Complaint, at its heart, alleges that the lender is at fault for, and should be prohibited from, reserving its rights to interest, fees, costs and charges to which it is lawfully entitled.

Plaintiffs claim that factual allegations remain in dispute. They contend that whether WaMu is attempting to collect anything beyond the $182.50 arrearage claimed in its POC is a disputed fact that the Court must construe in Plaintiffs' favor. They contend, further, that the because the loan agreement provides that "any amounts disbursed by lender under this paragraph 7 shall become additional debt of borrower," whether WaMu will increase its loan due to postpetition interest, fees, costs and charges is not truly discretionary. As I have already determined that WaMu would be entitled to interest, fees, costs and charges due to its oversecured status as a matter of law and that the reservation of rights merely reserves rights otherwise available at law, whether additional amounts will or will not be charged is irrelevant.

At oral argument, while Plaintiffs did not dispute the Court's legal analysis of the issue relating to the accrual of interest, fees, costs and charges under § 506(b), Plaintiffs posed the following policy question that appears to be at the crux of this dispute: How can Debtors ensure that oversecured creditors only add "reasonable fees" to the loan pursuant to § 506(b) if there is no apparent mechanism in the Code, the

-4-

1  Federal Rules of Bankruptcy Procedure or local rules to compel oversecured creditors
2  to notify debtors, the chapter 13 trustee, or the Court of the amount of interest, fees,
3  costs and charges to be added to the loan pursuant to § 506(b)?  What is to prevent
4  oversecured creditors from overcharging Debtors?  While it is true that the underlying
5  issue in the Complaint appears to be WaMu's failure to provide notice of exactly what
6  fees and costs will be, notice has no affect on the continued validity of the WaMu's lien.
7  In general, secured creditors are not required to file proofs of claims in bankruptcy
8  cases to retain their liens. *In re Alderman*, 150 B.R. 246, 251 (Bankr. D. Mont 1993).
9  While there is no doubt that Debtors' question may demonstrate a significant dilemma
10  for them at the conclusion of their chapter 13 case, that problem must be addressed
11  through a mechanism other than this Complaint.
12      To the extent that Plaintiffs are concerned that unreasonable fees have been
13  charged during the pendency of the Chapter 13 case, that concern can be addressed
14  by a specific objection that the fee, if then known, is unreasonable.  To the extent that
15  Plaintiffs are concerned about lack of notice of what fees remain due once the plan is
16  completed and discharge is about to be entered, filing a motion closer to that time might
17  be able to resolve that question, should it even arise.  The reservation of rights in the
18  POC does nothing to alter the ability to resolve this issue at the conclusion of the
19  Chapter 13 case.  How to get actual notice and address the reasonableness of the fees
20  and costs is another issue for another day, which I need not address here.
21      How can or how should WaMu proceed in this bankruptcy case to assert the
22  amount owed to it under § 506(b)?  In *Atwood v. Chase Manhattan Mortgage Co. (In re*
23  *Atwood)*, 293 B.R. 227 (9th Cir. BAP 2003), the BAP held that an oversecured creditor
24  could assert a claim for attorney fees via a proof of claim without the need to file an
25  application for compensation under FRBP 2016. *Id.* at 232.  Filing a § 506(b) motion, a
26

fee application, or some other similar procedure would also be a permissible procedure under *Atwood*. *Id.* ("We do not exclude the possibility that other procedural vehicles could also be pressed into service to resolve creditors' fees and charges."). There is a split of authority on whether secured creditors who have not filed proofs of claim are permitted to participate in plan distributions. *Compare In re Hydorn*, 94 B.R. 608, 612-613 (Bankr.W.D. Mo.1988) and 5 COLLIER ON BANKRUPTCY § 1327.01[3] at 1327-10, fn 43 (15th Ed.1992) ("a secured creditor may be provided for in a plan even if it does not file a claim"), *with In re Alderman*, 150 B.R. 246 (Bankr. D. Mont. 1993) (holding that in order to receive a distribution under a Plan, a Proof of Claim must be filed on behalf of a creditor with a secured claim). Presumably courts that require a creditor to file a proof of claim would also require an amended proof of claim detailing any increased amounts sought pursuant to § 506(b) in order for the secured creditor to receive these additional amounts through the plan. Assuming that WaMu does not file an amended proof of claim in this case, the reservation of rights in and of itself does not appear to create a problem inasmuch as the additional amounts that may be added to the loan are limited to what is allowable under "the underlying security agreement, the bankruptcy code and other applicable law." If such law provides that to participate in distribution, the creditor needs to file a proof of claim and WaMu does not, the reservation of rights does not give WaMu any power to obtain a contrary result.

Based on the above analysis, I will address Plaintiffs causes of action in the Complaint one by one:

(1) <u>Declaratory Relief</u>

WaMu argues that the declaratory relief cause of action must be dismissed because there is no controversy. The test for determining whether an actual

1  controversy exists is "whether the facts alleged, under all circumstances, show that

2  there is substantial controversy, between the parties having adverse legal interests, of

3  sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

4  *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941). Here, WaMu

5  has not yet made any attempt to collect any fees beyond the $182.50 arrearage in its

6  proof of claim. While there appears to be no dispute that WaMu will seek additional

7  interest, fees, costs and charges at some point from the Debtors, WaMu admits in the

8  POC itself that it must do in accordance with applicable law. As there appears to be no

9  immediate dispute over whether the reservation of rights language entitles WaMu to

10 greater rights than are otherwise allowed under the contract, the Code and applicable

11 law, there is no case or controversy and this cause of action must fail.

12 More specifically, this cause of action is not yet ripe. There is no allegation of

13 any unreasonable fee that could serve as a basis for declaratory relief at this time. Until

14 WaMu charges unreasonable fees to Plaintiffs in violation of the Code and then asserts

15 it is entitled to charge such amounts due to the reservation of rights language in its

16 POC, there is no case or controversy with respect to the reservation of rights language.

17 At this early vantage point, however, the Court notes that it appears that this language

18 is harmless, and was drafted to prevent the countervailing argument that secured

19 creditors are estopped from later asserting their right to postpetition interest, fees, costs

20 and charges by the filing of an initial proof of claim that does not detail such amounts.

21 The reservation of rights does not appear to increase the rights of WaMu beyond what

22 is allowed pursuant to 11 U.S.C. § 506(b). This cause of action must be dismissed.

23     (2)   <u>Permanent Injunction</u>

24 For the reasons as stated above, this cause of action must also be dismissed.

25 Moreover, Plaintiffs have failed to show that they have been requisitely damaged.

26

(3) <u>Accounting</u>

For the reasons as stated above, this cause of action must also be dismissed. Moreover, Plaintiffs have failed to show that they have sufficient standing to require WaMu to produce for inspection and review all similar proofs of claim filed in any case in the Central District of California. That sort of relief could likely be granted only by way of a class action lawsuit under FRCP 23 (incorporated by FRBP 7023).

(4) <u>Fraud, Conspiracy & Violation of the Automatic Stay</u>

Although fraud, conspiracy and violation of the automatic stay were not pled as causes of actions in the Complaint, I will quickly dispose of them under the assumption that the references to them in the Complaint were intended either as separate, unenumerated causes of action or part and parcel of one of the enumerated causes of actions discussed above.

Under FRCP 9(b) (incorporated by FRBP 7009) fraud must be pled with specificity. The essential elements that must be specifically pled are (1) misrepresentation or concealment; (2) knowledge of falsity; (3) intent to defraud; (4) justifiable reliance; and (5) resulting damages. Here, the allegations of both fraud generally and mail fraud are conclusory and contain no detail whatsoever. As such, they are insufficiently pled under Rule 9. This cause of action must be dismissed.

Conspiracy is also similarly insufficiently pled. For a valid conspiracy, there must be (1) a formation and operation of a conspiracy; (2) a wrongful act or acts done thereto; and (3) damages resulting. There are no allegations of a wrongful act in the Complaint to support this allegation. It is not a crime to reserve rights, especially when the reservation specifically says the rights reserved will be exercised according to the loan document and applicable law. This cause of action must be dismissed.

Finally, with regard to the automatic stay, it is not a violation of the automatic stay to file a proof of claim. *See In re Roxford Foods, Inc.*, 12 F.3d 875 (9th Cir. 1993); *In re North Coast Village, Ltd.*, 135 B.R. 641 (9th Cir. B.A.P. 1992) (holding that "the stay does not apply to proceedings commenced against the debtor in the bankruptcy court where the debtor's bankruptcy is pending" and specifically noting that applying the automatic stay to the filing of a proof of claim would be absurd). Similarly, and for the same reason, a § 506(b) motion or other similar procedure would not violate the stay. Moreover, providing information regarding a lien that survived bankruptcy to a debtor postpetition, at least where there is no coercion or harassment, is considered not to be a violation of either the automatic or permanent stay. *See Garske v. Arcadia Financial*, 287 B.R. 537 (9th Cir B.A.P. 2002); *see also Morgan Guaranty Trust Co. V. American Sav. & Loan Assoc.*, 804 F. 2d 1487, 1491 (9th Cir. 1986).

Defendant's motion to dismiss is granted in its entirety. Defendant shall lodge an appropriate order consistent with this memorandum granting its motion.

DATED: February 6, 2007

/s/ Maureen A. Tighe
MAUREEN A. TIGHE
United States Bankruptcy Judge

## CERTIFICATE OF SERVICE BY MAIL

I certify that a true copy of this **ORDER** was served on **FEB 6 2007** to the parties listed below:

[see attached service list]

Dated: **FEB 6 2007**

_Jewell M. Williams_
DEPUTY CLERK

**PICKETT vs. WASHINGTON MUTUAL BANK**
**ADVERSARY CASE NUMBER SV 06-01286 MT**
**In re Keenan & Wanda Pickett**
**Main Case Number SV 06-11080 MT**
**SERVICE LIST**

**ATTORNEY FOR PLAINTIFFS (DEBTORS):**
M. Erik Clark, Esq.
BOROWITZ, LOZANO & CLARK, LLP
100 N. Barranca Avenue, Suite 250
West Covina, CA 91791

**ATTORNEYS FOR DEFENDANT:**
William G. Malcolm
MALCOLM ♦ CISNEROS,
A Law Corporation
2112 Business Center Drive
Second Floor
Irvine, CA 92612

**OFFICE OF THE U.S. TRUSTEE:**
21051 Warner Center Lane
Suite 115
Woodland Hills, CA 91367